B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Connecticut | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Johnson Memorial Hospital, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**06-0646696** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**201 Chestnut Hill Road<br>Stafford Springs, CT**<br><div align="right">ZIP Code **06076**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Tolland** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ■ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors** | **Tax-Exempt Entity** | **Nature of Debts**<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | (Check box, if applicable)<br>■ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**          THIS SPACE IS FOR COURT USE ONLY

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion   More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion   More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                                        Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Johnson Memorial Hospital, Inc.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **District of Connecticut, Hartford** | Case Number:<br>**08-22187** | Date Filed:<br>**11/04/08** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**SEE ATTACHMENT** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)         (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br><br>■  No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>■    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>        _____<br>        (Name of landlord that obtained judgment)<br><br>        _____<br>        (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13) | | Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Johnson Memorial Hospital, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Eric Henzy**
Signature of Attorney for Debtor(s)

**Eric Henzy ct12849**
Printed Name of Attorney for Debtor(s)

**Reid and Riege, P.C.**
Firm Name

**One Financial Plaza**
**Hartford, CT 06103**
Address

**860.278.1150  Fax: 860.240.1002**
Telephone Number

**January 14, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Patrick Mahon**
Signature of Authorized Individual

**Patrick Mahon**
Printed Name of Authorized Individual

**Chairperson of the Board**
Title of Authorized Individual

**January 14, 2015**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

In re  **Johnson Memorial Hospital, Inc.** _____    Case No. _____
<div align="center">Debtor</div>

## FORM 1. VOLUNTARY PETITION
### ATTACHMENT

### Pending Bankruptcy Cases Filed

| Name of Debtor | Case No./Relationship | Date Filed/Judge |
|---|---|---|
| Johnson Memorial Medical Center, Inc. | 14-_____<br>Affiliate | 1/14/2015<br>Dabrowski |
| The Johnson Evergreen Corporation | 14-_____<br>Affiliate | 1/14/2015<br>Dabrowski |
| Home & Community Health Services, Inc. | 14-_____<br>Affiliate | 1/14/2015<br>Dabrowski |
| Johnson Health Care, Inc. | 14-_____<br>Affiliate | 1/14/2015<br>Dabrowski |
| Johnson Professional Associates, P.C. | 14-_____<br>Affiliate | 1/14/2015<br>Dabrowski |

# PREAMBLES AND RESOLUTIONS
## ADOPTED AT THE
## SPECIAL MEETING OF THE BOARD OF
## THE JOHNSON MEDICAL SYSTEM
## DECEMBER 30, 2014

The Preambles and Resolutions set forth below were adopted at the December 30, 2014 joint Special Meeting of the Boards of Directors of Johnson Memorial Medical Center, Inc. ("**JMMC**"), Johnson Memorial Hospital, Inc. (the "**Hospital**"), Home and Community Health Services, Inc. ("**H&C**"), Johnson Health Care, Inc. ("**HCI**"), and The Johnson Evergreen Corporation, Inc. ("**Evergreen**"), each of which is a Connecticut nonstock corporation.

JMMC is the parent entity of a medical system referred to as the "**Johnson System.**" As such it is the controlling Member of each of the Hospital, H&C, HCI, Evergreen and Johnson Development Fund, Inc. ("**JDF**"), as well as the sole shareholder of Wellcare, Inc. ("**Wellcare**"), and has a contractual relationship with Johnson Professional Associates, P.C. ("**JPA**").

The Boards of Directors of JMMC, the Hospital, H&C, HCI and Evergreen (collectively, the "**Key Corporations**") are referred to in the following Preambles and Resolutions respectively as the "**JMMC Board,**" the "**Hospital Board,**" the "**H&C Board,**" the "**HCI Board,**" and the "**Evergreen Board,**" it being acknowledged that the same individual Directors constitute each of the JMMC Board, the Hospital Board, the H&C Board, the HCI Board and the Evergreen Board (collectively, the "**Boards**").

## PART 1:
## RESOLUTIONS RELATED TO GENERAL ADMINISTRATIVE MATTERS

RESOLVED:  That Stuart E. Rosenberg ("**Rosenberg**") be, and he hereby is, acknowledged to be the duly authorized and acting President and Chief Executive Officer of each of JMMC, the Hospital, H&C, HCI, and Evergreen, with his prior election to such positions by the respective Boards hereby ratified and affirmed by the respective Boards; and further

RESOLVED:  That Patrick Mahon ("**Mahon**") be, and he hereby is, acknowledged to be the duly authorized and acting Chairperson of the Board of each of JMMC, the Hospital, H&C, HCI and Evergreen, with his prior election to such positions by the respective Boards hereby ratified and affirmed by the respective Boards; and further

RESOLVED:  That, effective as of December 29, 2014, all of the Directors of JDF be, and they hereby are, removed from office by the JMMC Board acting on behalf of JMMC as the controlling Member of JDF, and that Stuart E. Rosenberg, John T. Grish and Phil Tartsinis be, and they hereby are, elected to serve as all of the Directors of JDF by the JMMC Board acting on behalf of JMMC as the controlling Member of JDF, each to serve until the next annual meeting of the Members of JDF or

until such Director's respective successor is duly elected and qualified; and further

RESOLVED: That, effective as of December 29, 2014, all of the Directors of Wellcare be, and they hereby are, removed from office by the JMMC Board acting on behalf of JMMC as the sole shareholder of Wellcare, and that Stuart E. Rosenberg, John T. Grish and Phil Tartsinis be, and they hereby are, elected to serve as all of the Directors of Wellcare by the JMMC Board acting on behalf of JMMC as the sole shareholder of Wellcare, each to serve until the next annual meeting of the shareholders of Wellcare or until such Director's respective successor is duly elected and qualified; and further

RESOLVED: That, effective as of December 29, 2014, all of the Directors of HCI be, and they hereby are, removed from office by the JMMC Board acting on behalf of JMMC as the sole Member of HCI, and that all of the Directors of JMMC be, and they hereby are, elected to serve as all of the Directors of HCI by the JMMC Board acting on behalf of JMMC as the sole Member of HCI, each to serve until the next annual meeting of the Members of HCI or until such Director's respective successor is duly elected and qualified; and further

RESOLVED: That HCI's Certificate of Incorporation as amended to date be, and it hereby is, amended and restated by the HCI Board to read in its entirety as set forth in **EXHIBIT A** appended hereto, effective upon approval thereof by JMMC as the sole Members of HCI and the filing of an appropriate Certificate of Amendment and Restatement (the **"HCI Restatement Certificate"**) with the Secretary of the State of Connecticut; and further

RESOLVED: That HCI's By-Laws as amended to date be, and they hereby are, amended and restated by the HCI Board to read in their entirety as set forth in **EXHIBIT B** appended hereto, effective upon the effectiveness of the HCI Restatement Certificate; and further

RESOLVED: That the HCI Board hereby:  (a) directs that the approval of the amendments and restatements of HCI's Certificate of Incorporation and By-Laws contemplated by the two preceding Resolutions be submitted to JMMC as the sole Member of HCI for a vote as soon as practicable following the adoption of this Resolution; and (b) recommends to JMMC that it approve the same; and further

RESOLVED: That HCI's Certificate of Incorporation, as amended to date, be, and it hereby is, amended and restated by HCI's sole Member to read in its entirety as set forth in **EXHIBIT A** appended hereto, effective upon the filing of an appropriate Certificate of Amendment and Restatement with the Secretary of the State of Connecticut; and further

RESOLVED: That HCI's By-Laws, as amended to date, be, and they hereby are, amended and restated by HCI's sole Member to read in their entirety as set forth in

**ADDENNDUM 2** appended hereto, effective upon the effectiveness of the HCI Restatement Certificate; and further

RESOLVED: That the officers of HCI be, and they each acting collectively and/or individually hereby are, authorized by the HCI Board to execute and file the HCI Restatement Certificate with the Secretary of the State of Connecticut.

### PART 2:
### PREAMBLES AND RESOLUTIONS RELATED TO BANKRUPTCY OF JMMC FOR CONSIDERATION BY THE JMMC BOARD

WHEREAS, JMMC and the Johnson System successfully emerged from bankruptcy at the end of 2010; and

WHEREAS, continued financial difficulties have led JMMC and the Johnson System to suffer and incur severe financial operating deficits which have accumulated and threatened the viability of JMMC and the Johnson System; and

WHEREAS, notwithstanding the foregoing, the JMMC Board desires to preserve to the maximum extent practicable the operations of the health care activities and businesses of JMMC and the Johnson System and the continued use of the assets of JMMC and the Johnson System (the "**Plan**"); and

NOW, THEREFORE, for purposes of accomplishing and completing the Plan, the JMMC Board hereby resolves as follows:

RESOLVED: That Rosenberg is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan, with any and all actions taken by Rosenberg to date in connection with the actions described in these Resolutions and in the Plan hereby being ratified, adopted and approved; and further

RESOLVED: That, in the absence or unavailability of Rosenberg, Mahon, as the Chairperson of the JMMC Board, is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan; and further

RESOLVED: That each of Rosenberg and Mahon, or any other officer of the Key Corporations designated by Rosenberg or Mahon in writing (any of these individuals referred to herein as an "**Authorized Person**"), be, and hereby is, authorized, when and if in his or her best judgment and sole discretion it becomes necessary or desirable, and in the best interests of JMMC, its creditors, members, and other interested parties, to execute a petition on behalf of JMMC proposing an arrangement under the

provisions of Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Petition**"); and further

RESOLVED: That the Bankruptcy Petition be prepared in such a manner that is satisfactory to counsel to JMMC, such Bankruptcy Petition to be verified and to be filed with the United States Bankruptcy Court for the District of Connecticut; and further

RESOLVED: That, upon the Authorized Person determining that said Bankruptcy Petition should be filed, the Authorized Person be, and hereby is, authorized to execute and file all supplemental petitions, schedules, lists, plans of arrangement, and other papers and documents and to take any and all actions which the Authorized Person deems necessary or desirable in connection with the aforesaid proceedings under Chapter 11 of the Bankruptcy Code; and further

RESOLVED: That the Authorized Person, is authorized in connection with the foregoing, to retain and employ as special legal counsel to represent JMMC, the law firm of Reid and Riege, P.C. and such other legal and accounting or other expertise which the Authorized Person may deem necessary or desirable with a view to the successful determination of such proceedings, and the current employment of said law firm is hereby ratified and approved.

## PART 3:
## PREAMBLES AND RESOLUTIONS RELATED TO BANKRUPTCY OF THE HOSPITAL FOR CONSIDERATION BY THE HOSPITAL BOARD

WHEREAS, the Hospital and the Johnson System successfully emerged from bankruptcy at the end of 2010; and

WHEREAS, continued financial difficulties have led the Hospital and the Johnson System to suffer and incur severe financial operating deficits which have accumulated and threatened the viability of the Hospital and the Johnson System; and

WHEREAS, notwithstanding the foregoing, the Hospital Board desires to preserve to the maximum extent practicable the operations of the health care activities and businesses of the Hospital and the Johnson System and the continued use of the assets of the Hospital and the Johnson System (the "**Plan**"); and

NOW, THEREFORE, for purposes of accomplishing and completing the Plan, the Hospital Board hereby resolves as follows:

RESOLVED: That Rosenberg is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan, with any and all actions taken by Rosenberg to date in connection with the actions described in these Resolutions and in the Plan hereby being ratified, adopted and approved; and further

RESOLVED: That, in the absence or unavailability of Rosenberg, Mahon, as the Chairperson of the Hospital Board, is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan; and further

RESOLVED: That each of Rosenberg and Mahon, or any other officer of the Key Corporations designated by Rosenberg or Mahon in writing (any of these individuals referred to herein as an **"Authorized Person"**), be, and hereby is, authorized, when and if in his or her best judgment and sole discretion it becomes necessary or desirable, and in the best interests of the Hospital, its creditors, members, and other interested parties, to execute a petition on behalf of the Hospital proposing an arrangement under the provisions of Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Petition**"); and further

RESOLVED: That the Bankruptcy Petition be prepared in such a manner that is satisfactory to counsel to the Hospital, such Bankruptcy Petition to be verified and to be filed with the United States Bankruptcy Court for the District of Connecticut; and further

RESOLVED: That, upon the Authorized Person determining that said Bankruptcy Petition should be filed, the Authorized Person be, and hereby is, authorized to execute and file all supplemental petitions, schedules, lists, plans of arrangement, and other papers and documents and to take any and all actions which the Authorized Person deems necessary or desirable in connection with the aforesaid proceedings under Chapter 11 of the Bankruptcy Code; and further

RESOLVED: That the Authorized Person, is authorized in connection with the foregoing, to retain and employ as special legal counsel to represent the Hospital, the law firm of Reid and Riege, P.C. and such other legal and accounting or other expertise which the Authorized Person may deem necessary or desirable with a view to the successful determination of such proceedings, and the current employment of said law firm is hereby ratified and approved.

<u>PART 4:</u>
<u>PREAMBLES AND RESOLUTIONS RELATED TO BANKRUPTCY OF H&C</u>
<u>FOR CONSIDERATION BY THE H&C BOARD</u>

WHEREAS, H&C and the Johnson System successfully emerged from bankruptcy at the end of 2010; and

WHEREAS, continued financial difficulties have led H&C and the Johnson System to suffer and incur severe financial operating deficits which have accumulated and threatened the viability of H&C and the Johnson System; and

WHEREAS, notwithstanding the foregoing, the H&C Board desires to preserve to the maximum extent practicable the operations of the health care activities and businesses of H&C and the Johnson System and the continued use of the assets of H&C and the Johnson System (the "**Plan**"); and

NOW, THEREFORE, for purposes of accomplishing and completing the Plan, the H&C Board hereby resolves as follows:

RESOLVED: That Rosenberg is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan, with any and all actions taken by Rosenberg to date in connection with the actions described in these Resolutions and in the Plan hereby being ratified, adopted and approved; and further

RESOLVED: That, in the absence or unavailability of Rosenberg, Mahon, as the Chairperson of the H&C Board, is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan; and further

RESOLVED: That each of Rosenberg and Mahon, or any other officer of the Key Corporations designated by Rosenberg or Mahon in writing (any of these individuals referred to herein as an "**Authorized Person**"), be, and hereby is, authorized, when and if in his or her best judgment and sole discretion it becomes necessary or desirable, and in the best interests of H&C, its creditors, members, and other interested parties, to execute a petition on behalf of H&C proposing an arrangement under the provisions of Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Petition**"); and further

RESOLVED: That the Bankruptcy Petition be prepared in such a manner that is satisfactory to counsel to H&C, such Bankruptcy Petition to be verified and to be filed with the United States Bankruptcy Court for the District of Connecticut; and further

RESOLVED: That, upon the Authorized Person determining that said Bankruptcy Petition should be filed, the Authorized Person be, and hereby is, authorized to execute and file all supplemental petitions, schedules, lists, plans of arrangement, and other papers and documents and to take any and all actions which the Authorized Person deems necessary or desirable in connection with the aforesaid proceedings under Chapter 11 of the Bankruptcy Code; and further

RESOLVED: That the Authorized Person, is authorized in connection with the foregoing, to retain and employ as special legal counsel to represent H&C, the law firm of Reid and Riege, P.C. and such other legal and accounting or other expertise which the Authorized Person may deem necessary or desirable with a view to the successful

determination of such proceedings, and the current employment of said law firm is hereby ratified and approved.

## PART 5:
## PREAMBLES AND RESOLUTIONS RELATED TO BANKRUPTCY OF HCI FOR CONSIDERATION BY THE HCI BOARD

WHEREAS, HCI and the Johnson System successfully emerged from bankruptcy at the end of 2010; and

WHEREAS, continued financial difficulties have led HCI and the Johnson System to suffer and incur severe financial operating deficits which have accumulated and threatened the viability of HCI and the Johnson System; and

WHEREAS, notwithstanding the foregoing, the HCI Board desires to preserve to the maximum extent practicable the operations of the health care activities and businesses of HCI and the Johnson System and the continued use of the assets of HCI and the Johnson System (the "**Plan**"); and

NOW, THEREFORE, for purposes of accomplishing and completing the Plan, the HCI Board hereby resolves as follows:

RESOLVED:   That Rosenberg is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan, with any and all actions taken by Rosenberg to date in connection with the actions described in these Resolutions and in the Plan hereby being ratified, adopted and approved; and further

RESOLVED:   That, in the absence or unavailability of Rosenberg, Mahon, as the Chairperson of the HCI Board, is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan; and further

RESOLVED:   That each of Rosenberg and Mahon, or any other officer of the Key Corporations designated by Rosenberg or Mahon in writing (any of these individuals referred to herein as an "**Authorized Person**"), be, and hereby is, authorized, when and if in his or her best judgment and sole discretion it becomes necessary or desirable, and in the best interests of HCI, its creditors, members, and other interested parties, to execute a petition on behalf of HCI proposing an arrangement under the provisions of Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Petition**"); and further

RESOLVED: That the Bankruptcy Petition be prepared in such a manner that is satisfactory to counsel to HCI, such Bankruptcy Petition to be verified and to be filed with the United States Bankruptcy Court for the District of Connecticut; and further

RESOLVED: That, upon the Authorized Person determining that said Bankruptcy Petition should be filed, the Authorized Person be, and hereby is, authorized to execute and file all supplemental petitions, schedules, lists, plans of arrangement, and other papers and documents and to take any and all actions which the Authorized Person deems necessary or desirable in connection with the aforesaid proceedings under Chapter 11 of the Bankruptcy Code; and further

RESOLVED: That the Authorized Person, is authorized in connection with the foregoing, to retain and employ as special legal counsel to represent HCI, the law firm of Reid and Riege, P.C. and such other legal and accounting or other expertise which the Authorized Person may deem necessary or desirable with a view to the successful determination of such proceedings, and the current employment of said law firm is hereby ratified and approved.

## PART 6:
### PREAMBLES AND RESOLUTIONS RELATED TO BANKRUPTCY OF EVERGREEN FOR CONSIDERATION BY THE EVERGREEN BOARD

WHEREAS, Evergreen and the Johnson System successfully emerged from bankruptcy at the end of 2010; and

WHEREAS, continued financial difficulties have led Evergreen and the Johnson System to suffer and incur severe financial operating deficits which have accumulated and threatened the viability of Evergreen and the Johnson System; and

WHEREAS, notwithstanding the foregoing, the Evergreen Board desires to preserve to the maximum extent practicable the operations of the health care activities and businesses of Evergreen and the Johnson System and the continued use of the assets of Evergreen and the Johnson System (the "**Plan**"); and

NOW, THEREFORE, for purposes of accomplishing and completing the Plan, the Evergreen Board hereby resolves as follows:

RESOLVED: That Rosenberg is hereby acknowledged to be, and is duly recognized and/or appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan, with any and all actions taken by Rosenberg to date in connection with the actions described in these Resolutions and in the Plan hereby being ratified, adopted and approved; and further

RESOLVED: That, in the absence or unavailability of Rosenberg, Mahon, as the Chairperson of the Evergreen Board, is hereby acknowledged to be, and is duly recognized and/or

appointed to the extent necessary or appropriate, as the duly authorized agent for purposes of completing the actions described in these Resolutions and in the Plan; and further

RESOLVED:    That each of Rosenberg and Mahon, or any other officer of the Key Corporations designated by Rosenberg or Mahon in writing (any of these individuals referred to herein as an "**Authorized Person**"), be, and hereby is, authorized, when and if in his or her best judgment and sole discretion it becomes necessary or desirable, and in the best interests of Evergreen, its creditors, members, and other interested parties, to execute a petition on behalf of the Hospital proposing an arrangement under the provisions of Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Petition**"); and further

RESOLVED:    That the Bankruptcy Petition be prepared in such a manner that is satisfactory to counsel to Evergreen, such Bankruptcy Petition to be verified and to be filed with the United States Bankruptcy Court for the District of Connecticut; and further

RESOLVED:    That, upon the Authorized Person determining that said Bankruptcy Petition should be filed, the Authorized Person be, and hereby is, authorized to execute and file all supplemental petitions, schedules, lists, plans of arrangement, and other papers and documents and to take any and all actions which the Authorized Person deems necessary or desirable in connection with the aforesaid proceedings under Chapter 11 of the Bankruptcy Code; and further

RESOLVED:    That the Authorized Person, is authorized in connection with the foregoing, to retain and employ as special legal counsel to represent Evergreen, the law firm of Reid and Riege, P.C. and such other legal and accounting or other expertise which the Authorized Person may deem necessary or desirable with a view to the successful determination of such proceedings, and the current employment of said law firm is hereby ratified and approved.

PART 7:
PREAMBLES AND RESOLUTIONS RELATED TO DIP FINANCING
FOR CONSIDERATION BY THE BOARDS

WHEREAS, in connection with the adoptions of a Plan for each of the Key Corporations, and separately for JPA (the Key Corporations and JPA being referred to herein collectively as the "**Borrower Group**" and individually as a "**Borrower**"), it has been proposed that the Borrower Group enter into a debtor-in-possession financing arrangement (the "**DIP Financing Arrangement**") with HFG Healthco-4 LLC as lender (the "**Lender**") and Healthcare Finance Group, LLC as agent (the "**Agent**") pursuant to which the Lender will extend to the Borrower Group, on a joint and several basis, a revolving line of credit in an amount not to exceed $7,000,000; and

WHEREAS, the DIP Financing Arrangement is to be memorialized in a certain Debtor-in-Possession Revolving Loan and Security Agreement to be entered into by the Borrower Group, the Lender and the Agent (as finally entered into, the "**Loan Agreement**"); and

WHEREAS, each Borrower's obligations pursuant to the Loan Agreement and with respect to the DIP Financing Arrangement will be secured by a security interest granted to the Agent in all of the assets of each Borrower; and

WHEREAS, the terms of the DIP Financing Arrangement (the "**Financing Terms**") shall be as set forth above and as approved by any Authorized Officer(s) (as defined below) by entering into any of the Loan Documents (as defined below) on behalf of any Borrower; and

WHEREAS, the Boards have considered the Financing Terms as they currently exist, and deem the entry by the respective Key Corporations into the DIP Financing Arrangement to be in the best interest of each Key Corporation and its creditors, members and other interested parties that such Key Corporation enter into the DIP Financing Arrangement;

NOW, THEREFORE, BE IT:

RESOLVED: That each Key Corporation be, and it hereby is, authorized by its Board to enter into the DIP Financing Arrangement; and further

RESOLVED: That the Hospital be, and it hereby is, authorized by the Board of each Key Corporation to serve as the "**Borrower Representative**" (as defined in the Loan Agreement) on behalf of each Key Corporation, and by the Hospital Board to serve as the Borrower Representative of each other Borrower; and further

RESOLVED: That the Chief Executive Officer (currently Stuart E. Rosenberg) and the Chief Financial Officer (currently John Grish) of the Hospital, and any other individual from time to time designated by either of them in a written notice to the Agent (which notice shall continue in force and effect until terminated in a written notice by the Chief Executive Officer or the Chief Financial Officer of the Hospital to the Agent) be, and each of them acting collectively or individually hereby is, authorized to act as an "**Authorized Officer**" on behalf of each Borrower for purposes of the Loan Agreement, and on behalf of each of the Key Corporations for purposes of the following Resolutions; and further

RESOLVED: That the Authorized Officers be, and they hereby are, authorized, in the name and on behalf of each of the Key Corporations to further negotiate the Financing Terms with the Agent, the Lender and any other individual or entity deemed necessary or appropriate in the discretion of any Authorized Officer, with the Financing Terms resulting from such negotiations and reflected in the Loan Agreement and the other Loan Documents (as defined below) being the "**Financing Terms**" for purposes of these Preambles and Resolutions; and further

RESOLVED: That the Key Corporations be, and each of them by its respective Board hereby is, authorized to enter into, make, issue, deliver and perform under the Loan Agreement and any and all other promissory notes, security agreements, financing statements, deeds, mortgages, assignments, collateral assignments, bills of sale, indemnification agreements, control agreements, lockbox agreements, certificates and other agreements, instruments and documents as may be necessary or appropriate to carry out the DIP Financing Arrangement on the Financing Terms (collectively, as to all Key Corporations, the "**Loan Documents**"), and to take and or authorize the taking of any and all other actions as may be necessary or appropriate to carry out the DIP Financing Arrangement on the Financing Terms (collectively, as to all Key Corporations, the "**Other Loan Actions**"), with the necessity or propriety of any particular Loan Agreement or Other Loan Action conclusively evidenced by the execution or authorization thereof by any Authorized Officer on behalf of the applicable Key Corporation; and further

RESOLVED: That the Authorized Officers in the name and on behalf of each Key Corporation be, and they each acting collectively and/or individually hereby are by the Board of such Key Corporation, authorized to execute, deliver and cause each Key Corporation to perform under any and all of the Loan Documents to which such Key Corporation is to be a party or by which it is to be bound, and to take or authorize the taking of any of the Other Loan Actions; and further

RESOLVED: That any and all acts taken prior to the effective date of these Preambles and Resolutions by or under the authorization of any Authorized Officer on behalf of any Key Corporation which would have been authorized by these Preambles and Resolutions if taken after such effective date be, and they hereby are, ratified, confirmed, adopted and approved by the Board of the applicable Key Corporation.

<div align="center">

### PART 8:
### PREAMBLES AND RESOLUTIONS RELATED TO
### THE JOHNSON ASSET PURCHASE AGREEMENT
### FOR CONSIDERATION BY THE JMMC, HOSPITAL, H&C AND HCI BOARDS

</div>

WHEREAS, in connection with the adoptions of a Plan for each of JMMC, the Hospital, H&C and HCI (collectively the "**Primary Sellers**" and each a "**Primary Seller**"), and taking into account the continuing financial difficulties of each of the Primary Sellers and a desire to carry on the historic mission and services of the Primary Sellers, the JMMC Board, the Hospital Board, the H&C Board and HCI Board (collectively, the "**Primary Boards**") have considered the advisability of a sale of the businesses and assets of each of the Primary Sellers; and

WHEREAS, as part of that process, the JMMC Board appointed a committee or subcommittee consisting of the following Directors:  Patrick Mahon, James Makuch, David O'Connor, Kevin Sullivan and John P. Kearney (the "**Special Sale Committee**"); and

WHEREAS, the Special Sale Committee and certain of the officers of the Key Corporations have negotiated with Saint Francis *Care*, Inc., a Connecticut nonstock corporation ("**Saint Francis**"), the terms of a proposed sale of the businesses and substantially all of the assets of the Primary Sellers (the "**Primary Sale**"); and

WHEREAS, the proposed Primary Sale is to be memorialized in a certain Asset Purchase Agreement to be entered into by Saint Francis and the Primary Sellers (as finally entered into, including any successor Asset Purchase Agreement with a Primary Buyer (as defined below) other than Saint Francis, to the extent applicable, the "**Primary Sale Agreement**"); and

WHEREAS, the terms of the Primary Sale (the "**Primary Sale Terms**") shall be as set forth above and in the current draft of the Primary Sale Agreement made available to the Primary Boards (the "**Reviewed Primary Sale Terms**") and as approved by any Authorized Agent(s) (as defined below) in accordance with the following Resolutions and by entering into any of the Primary Sale Documents (as defined below) on behalf of any of the Primary Sellers; and

WHEREAS, the Primary Sale and the bankruptcy Plans previously authorized for the Primary Sellers by the Primary Boards are inter-related, and as a result the actual identity of the buyer of the businesses and substantially all of the assets of the Primary Sellers (the "**Primary Buyer**") cannot at this date be known with certainty, with the Primary Buyer ultimately to be identified by the processes contemplated by the Primary Sale Agreement and the such bankruptcy Plans;

WHEREAS, the Primary Boards have considered the Primary Sale Terms as they currently exist, and deem the entry by the respective Primary Sellers into the Primary Sale Agreement and the carrying out of the Primary Sale in accordance with the Primary Sale Terms to be in the best interest of each Primary Seller and its creditors, members and other interested parties;

NOW, THEREFORE, BE IT:

RESOLVED:   That the Chairperson of the Board (currently Patrick Mahon) and the Chief Executive Officer (currently Stuart E. Rosenberg) of JMMC, and any other individual from time to time designated by either of them in a written notice to the JMMC Board be, and each of them acting collectively or individually hereby is, authorized to act as an "**Authorized Agent**" on behalf of each of the Primary Sellers for purposes of the Primary Sale Agreement and the following Resolutions; and further

RESOLVED:   That the Authorized Agents be, and they each acting collectively and/or individually hereby are, authorized, in the name and on behalf of each of the Primary Sellers to further negotiate the Primary Sale Terms with Saint Francis and any other individual or entity deemed necessary or appropriate in the discretion of any Authorized Agent taking into account the sale procedures incident to the bankruptcy Plans of the Primary Sellers, with the Primary Sale Terms resulting from such negotiations and reflected in the Primary Sale

Agreement and the other Primary Sale Documents (as defined below), and approved by the Special Sale Committee to the extent materially different from the Reviewed Primary Sale Terms, being the "**Primary Sale Terms**" for purposes of these Preambles and Resolutions; and further

RESOLVED: That the Primary Sellers be, and each of them by its respective Primary Board hereby is, authorized to enter into, make, issue, deliver and perform under the Primary Sale Agreement and any and all other sale agreements, bills of sale, deeds, assignments, assumptions, assignment and assumption agreements, escrow agreements, control agreements, lockbox agreements, power of attorney, certificates and other agreements, instruments and documents as may be necessary or appropriate to carry out the Primary Sale on the Primary Sale Terms (collectively, as to all Primary Sellers, the "**Primary Sale Documents**"), and to take and or authorize the taking of any and all other actions as may be necessary or appropriate to carry out the Primary Sale on the Primary Sale Terms (collectively, as to all Primary Sellers, the "**Other Primary Sale Actions**"), with the necessity or propriety of any particular Primary Sale Document or Other Primary Sale Action conclusively evidenced by the execution or authorization thereof by any Authorized Agent on behalf of the applicable Primary Seller; and further

RESOLVED: That, in furtherance of, and without limiting, the foregoing Resolutions, insofar as the occurrence of the Primary Sale on the Primary Sale Terms would constitute a sale, lease, exchange or other disposition of assets requiring approval of the Community Members of JMMC pursuant to Section 33-1166(a) of the Connecticut Revised Nonstock Corporation Act, the JMMC Board hereby: (a) approves such transaction; (b) directs that the approval thereof be submitted to the Community Members for a vote as soon as practicable following the adoption of this Resolution; and (c) recommends to the Community Members that they approve the same; and further

RESOLVED: That, in furtherance of, and without limiting, the foregoing Resolutions, insofar as the occurrence of the Primary Sale on the Primary Sale Terms would constitute a sale, lease, exchange or other disposition of assets requiring approval of JMMC as a Member of the Hospital pursuant to Section 33-1166(a) of the Connecticut Revised Nonstock Corporation Act, the Hospital Board hereby: (a) approves such transaction; (b) directs that the approval thereof be submitted to JMMC in its capacity as a Member of the Hospital for a vote as soon as practicable following the adoption of this Resolution; and (c) recommends to JMMC in its capacity as a Member of the Hospital that it approve the same; and further

RESOLVED: That, in furtherance of, and without limiting, the foregoing Resolutions, insofar as the occurrence of the Primary Sale on the Primary Sale Terms would constitute a sale, lease, exchange or other disposition of assets requiring approval of JMMC as a Member of H&C pursuant to Section 33-1166(a) of the Connecticut Revised Nonstock Corporation Act, the H&C Board hereby: (a) approves such

transaction; (b) directs that the approval thereof be submitted to JMMC in its capacity as a Member of H&C for a vote as soon as practicable following the adoption of this Resolution; and (c) recommends to JMMC in its capacity as a Member of H&C that it approve the same; and further

RESOLVED:    That, in furtherance of, and without limiting, the foregoing Resolutions, insofar as the occurrence of the Primary Sale on the Primary Sale Terms would constitute a sale, lease, exchange or other disposition of assets requiring approval of JMMC as a Member of HCI pursuant to Section 33-1166(a) of the Connecticut Revised Nonstock Corporation Act, the HCI Board hereby: (a) approves such transaction; (b) directs that the approval thereof be submitted to JMMC in its capacity as a Member of HCI for a vote as soon as practicable following the adoption of this Resolution; and (c) recommends to JMMC in its capacity as a Member of HCI that it approve the same; and further

RESOLVED:    That the occurrence of the Primary Sale on the Primary Sale Terms, as the same may be modified in the discretion of the Primary Boards or in a manner approved in the discretion of the Primary Boards, and regardless of the identity of the actual Primary Buyer, be, and it hereby is, approved by JMMC as a Member of each of the Hospital, H&C and HCI; and further

RESOLVED:    That the Authorized Agents in the name and on behalf of each Primary Seller be, and they each acting collectively and/or individually hereby are by the Primary Board of each Primary Seller, authorized to execute, deliver and cause each Primary Seller to perform under any and all of the Primary Sale Documents to which such Primary Seller is to be a party or by which it is to be bound, and to take or authorize the taking of any of the Other Primary Sale Actions; and further

RESOLVED:    That, in furtherance of, and without limiting, the authorization set forth above pertaining to the Primary Sale Documents and the Other Primary Sale Actions, the Authorized Agents, be, and they hereby are, authorized by the Primary Boards on behalf of the respective Primary Sellers, and acting in the name and on behalf of any of the Primary Sellers, to submit such copies of the Primary Sale Documents to the Department of Public Health, the Office of Health Care Access ("**OHCA**"), the Department of Social Services, and any other federal or state regulatory agency, and to take all other actions as may be necessary or appropriate to obtain approval of the Primary Sale in accordance with the Primary Sale Terms from such regulatory authorities, the necessity and propriety thereof being conclusively evidenced by an Authorized Agent's taking of such action; and further

RESOLVED:    That, in connection with the proposed Primary Sale to the Primary Buyer, the Primary Sellers, and in particular JMMC and the Hospital, shall cooperate fully with Saint Francis, and the Primary Buyer if not Saint Francis, in the preparation and submission of an appropriate Certificate of Need application/submission with OHCA, and in this regard the Authorized Agents acting collectively and/or

individually are, in the name and on behalf of each of the Primary Sellers, specifically authorized to prepare and to file any documents, and to take any administrative or other actions, as may be necessary or appropriate (as determined in the discretion of the acting Authorized Agent(s)) to obtain approvals from OHCA; and further

RESOLVED:   That the adoption of the applicable Plan and the filing of the applicable Bankruptcy Petition on behalf of each Primary Seller is not conditioned on the successful completion of the Primary Sale Agreement, such that if an Authorized Agent determines, in such Authorized Agent's reasonable discretion, that Saint Francis or any other applicable Primary Buyer desires or requires the imposition of material modifications from the Primary Sale Terms as presented to the Primary Boards, the Authorized Agent(s) is (are) directed to complete the applicable Bankruptcy Petitions forthwith with such modifications as are necessary to reflect the inability to come to terms with Saint Francis or any other applicable Primary Buyer, time being of the essence; and further

RESOLVED:   That any and all acts taken prior to the effective date of these Preambles and Resolutions by or under the authorization of any Authorized Agent on behalf of any Primary Seller which would have been authorized by these Preambles and Resolutions if taken after such effective date be, and they hereby are, ratified, confirmed, adopted and approved by the applicable Primary Board; and further

RESOLVED:   That any and all acts taken prior to the effective date of these Preambles and Resolutions by or under the authorization of the Special Sale Committee with respect to any Primary Seller be, and they hereby are, ratified, confirmed, adopted and approved by the applicable Primary Board.

<div align="center">

PART 9:
PREAMBLES AND RESOLUTIONS RELATED TO
THE EVERGREEN ASSET PURCHASE AGREEMENT
FOR CONSIDERATION BY THE EVERGREEN AND JMMC BOARDS

</div>

WHEREAS, in connection with the adoptions of the Plan for Evergreen, and taking into account the continuing financial difficulties of Evergreen and a desire to carry on the historic mission and services of Evergreen, the Evergreen Board has considered the advisability of a sale of the businesses and assets of Evergreen; and

WHEREAS, as part of that process, the JMMC Board, acting on behalf of Evergreen as well as the Primary Sellers, appointed the Special Sale Committee; and

WHEREAS, the Special Sale Committee and certain of the officers of Evergreen have negotiated with Saint Francis the terms of a proposed sale of the businesses and substantially all of the assets of Evergreen (the "**Evergreen Sale**"); and

22900.001/617037.1

WHEREAS, the Evergreen Sale is to be memorialized in a certain Asset Purchase Agreement to be entered into by Saint Francis and Evergreen (as finally entered into, including any successor Asset Purchase Agreement with an Evergreen Buyer (as defined below) other than Saint Francis, to the extent applicable, the "**Evergreen Sale Agreement**"); and

WHEREAS, the terms of the Evergreen Sale (the "**Evergreen Sale Terms**") shall be as set forth above and in the current draft of the Evergreen Sale Agreement made available to the Evergreen Board (the "**Reviewed Evergreen Sale Terms**") and as approved by any Evergreen Agent(s) (as defined below) in accordance with the following Resolutions and by entering into any of the Evergreen Sale Documents (as defined below) on behalf of Evergreen; and

WHEREAS, the Evergreen Sale and the bankruptcy Plan previously authorized for Evergreen by the Evergreen Board are inter-related, and as a result the actual identity of the buyer of the businesses and substantially all of the assets of Evergreen (the "**Evergreen Buyer**") cannot at this date be known with certainty, with the Evergreen Buyer ultimately to be identified by the processes contemplated by the Evergreen Sale Agreement and such bankruptcy Plan;

WHEREAS, the Evergreen Board has considered the Evergreen Sale Terms as they currently exist, and deem the entry by Evergreen into the Evergreen Sale Agreement and the carrying out of the Evergreen Sale in accordance with the Evergreen Sale Terms to be in the best interest of Evergreen and its creditors, members and other interested parties;

NOW, THEREFORE, BE IT:

RESOLVED: That the Chairperson of the Board (currently Patrick Mahon) and the Chief Executive Officer (currently Stuart E. Rosenberg) of Evergreen and any other individual from time to time designated by either of them in a written notice to the Evergreen Board be, and each of them acting collectively or individually hereby is, authorized to act as an "**Evergreen Agent**" on behalf of Evergreen for purposes of the Evergreen Sale Agreement and the following Resolutions; and further

RESOLVED: That the Evergreen Agents be, and they each acting collectively and/or individually hereby are, authorized, in the name and on behalf of Evergreen to further negotiate the Evergreen Sale Terms with Saint Francis and any other individual or entity deemed necessary or appropriate in the discretion of any Evergreen Agent taking into account the sale procedures incident to Evergreen's bankruptcy Plan, with the Evergreen Sale Terms resulting from such negotiations and reflected in the Evergreen Sale Agreement  and the other Evergreen Sale Documents (as defined below), and approved by the Special Sale Committee to the extent materially different from the Reviewed Evergreen Sale Terms, being the "**Evergreen Sale Terms**" for purposes of these Preambles and Resolutions; and further

RESOLVED: That Evergreen be, and it hereby is, authorized to enter into, make, issue, deliver and perform under the Evergreen Sale Agreement and any and all other sale

agreements, bills of sale, deeds, assignments, assumptions, assignment and assumption agreements, escrow agreements, control agreements, lockbox agreements, power of attorney, certificates and other agreements, instruments and documents as may be necessary or appropriate to carry out the Evergreen Sale on the Evergreen Sale Terms (collectively, the "**Evergreen Sale Documents**"), and to take and or authorize the taking of any and all other actions as may be necessary or appropriate to carry out the Evergreen Sale on the Evergreen Sale Terms (collectively, the "**Other Evergreen Sale Actions**"), with the necessity or propriety of any particular Evergreen Sale Document or Other Evergreen Sale Action conclusively evidenced by the execution or authorization thereof by any Evergreen Agent on behalf of Evergreen; and further

RESOLVED:    That, in furtherance of, and without limiting, the foregoing Resolutions, insofar as the occurrence of the Evergreen Sale on the Evergreen Sale Terms would constitute a sale, lease, exchange or other disposition of assets requiring approval of JMMC as a Member of Evergreen pursuant to Section 33-1166(a) of the Connecticut Revised Nonstock Corporation Act, the Evergreen Board hereby: (a) approves such transaction; (b) directs that the approval thereof be submitted to JMMC for a vote as soon as practicable following the adoption of this Resolution; and (c) recommends to JMMC that it approve the same; and further

RESOLVED:    That the occurrence of the Primary Sale on the Primary Sale Terms, as the same may be modified in the discretion of the Evergreen Board or in a manner approved in the discretion of the Evergreen Board, and regardless of the identity of the actual Evergreen Buyer, be, and it hereby is, approved by JMMC as a Member of Evergreen; and further

RESOLVED:    That the Evergreen Agents in the name and on behalf of Evergreen be, and they each acting collectively and/or individually hereby are, authorized to execute, deliver and cause Evergreen to perform under any and all of the Evergreen Sale Documents and to take or authorize the taking of any of the Other Evergreen Sale Actions; and further

RESOLVED:    That, in furtherance of, and without limiting, the authorization set forth above pertaining to the Evergreen Sale Documents and the Other Evergreen Sale Actions, the Evergreen Agents, be, and they hereby are, authorized in the name and on behalf of Evergreen, to submit such copies of the Evergreen Sale Documents to the Department of Public Health, the Office of Health Care Access, the Department of Social Services ("**DSS**"), and any other federal or state regulatory agency, and to take all other actions as may be necessary or appropriate to obtain approval of the Evergreen Sale in accordance with the Evergreen Sale Terms from such regulatory authorities, the necessity and propriety thereof being conclusively evidenced by an Evergreen Agent's taking of such action; and further

RESOLVED: That in connection with the Evergreen Sale to the Evergreen Buyer, Evergreen shall cooperate fully with Saint Francis, and the Evergreen Buyer if not Saint Francis, in the preparation and submission of an appropriate application/submission with DSS and/or any other applicable federal or state regulatory agency, and in this regard the Evergreen Agents acting collectively and/or individually are, in the name and on behalf of Evergreen, specifically authorized to prepare and to file any documents, and to take any administrative or other actions, as may be necessary or appropriate (as determined in the discretion of the acting Evergreen Agent(s)) to obtain approvals from DSS; and further

RESOLVED: That the adoption of Evergreen's Plan and the filing of the Bankruptcy Petition on behalf of Evergreen is not conditioned on the successful completion of the Evergreen Sale Agreement, such that if an Evergreen Agent determines, in such Evergreen Agent's reasonable discretion, that Saint Francis or any other applicable Evergreen Buyer desires or requires the imposition of material modifications from the Evergreen Sale Terms as presented to the Evergreen Board, the Evergreen Agent(s) is (are) directed to complete the Bankruptcy Petition forthwith with such modifications as are necessary to reflect the inability to come to terms with Saint Francis or any other applicable Evergreen Buyer, time being of the essence; and further

RESOLVED: That any and all acts taken prior to the effective date of these Preambles and Resolutions by or under the authorization of any Evergreen Agent on behalf of Evergreen which would have been authorized by these Preambles and Resolutions if taken after such effective date be, and they hereby are, ratified, confirmed, adopted and approved by the Evergreen Board; and further

RESOLVED: That any and all acts taken prior to the effective date of these Preambles and Resolutions by or under the authorization of the Special Sale Committee with respect to Evergreen be, and they hereby are, ratified, confirmed, adopted and approved by the Evergreen Board.

<div align="center">

PART 10:
PREAMBLES AND RESOLUTIONS RELATED TO
AMENDMENTS TO THE JMMC CHARTER DOCUMENTS
FOR CONSIDERATION BY THE JMMC BOARD

</div>

WHEREAS, the Primary Sale Agreement contemplates that if the Primary Sale is consummated, JMMC and each of the other Primary Sellers will be obligated to change its corporate name; and

WHEREAS, the change of JMMC's name would require an amendment to JMMC's Certificate of Incorporation as currently in effect (the "**Certificate**"), which under the terms of the Certificate and JMMC's By-Laws as currently in effect (the "**By-Laws**") would require the approval of JMMC's Community Members; and

WHEREAS, to facilitate the occurrence of the Primary Sale on the Primary Sale Terms, the JMMC Board has been provided with draft amendments and restatements of the Certificate in the form set forth as the attached **ADDENDUM 1** and of the By-Laws in the form set forth as the attached **ADDENDUM 2**, with the amendments therein being to permit future amendments to the Certificate solely to change JMMC's name to be authorized solely by the vote of the JMMC Board without requiring the vote of JMMC's Community Members;

NOW, THEREFORE, BE IT:

RESOLVED:   That the Certificate be, and it hereby is, amended and restated to read in its entirety as set forth in **ADDENDUM 1** appended hereto, effective upon approval thereof by JMMC's Community Members and the filing of an appropriate Certificate of Amendment and Restatement (the "**Restatement Certificate**") with the Secretary of the State of Connecticut; and further

RESOLVED:   That the By-Laws be, and they hereby are, amended and restated to read in their entirety as set forth in **ADDENNDUM 2** appended hereto, effective upon the effectiveness of the Restatement Certificate; and further

RESOLVED:   That the JMMC Board hereby:  (a) directs that the approval of the amendments and restatements of the Certificate and the By-Laws contemplated by the two preceding Resolutions be submitted to the Community Members for a vote as soon as practicable following the adoption of this Resolution; and (b) recommends to the Community Members that they approve the same; and further

RESOLVED:   That the officers of JMMC be, and they each acting collectively and/or individually hereby are, authorized by the JMMC Board to execute and file the Restatement Certificate with the Secretary of the State of Connecticut following the approval of the amendment and restatement of JMMC's Certificate of Incorporation as amended to date by JMMC's Community Members.

## PART 11:
## LAST PLENARY GRANT OF AUTHORITY

WHEREAS, the corporate actions contemplated by the forgoing Preambles and Resolutions are broad in scope reflective of the complex nature of the Plans and the Bankruptcy Petitions for each of the Key Corporations, the DIP Financing Arrangement, the Primary Sale and the Evergreen Sale, all of which are inter-related, and the other described matters; and

WHEREAS, the Boards desires to provide appropriate agents of the Key Corporations with sufficient power and discretion to take any and all actions necessary or appropriate to complete these actions quickly and expeditiously;

NOW, THEREFORE, the Boards on behalf of the respective Key Corporations hereby resolve as follows:

RESOLVED:  That the Chairperson of the Board of JMMC, the President and Chief Executive Officer of JMMC, the Chief Financial Officer of JMMC, each individual so designated in writing by any of them to the JMMC Board, the Authorized Persons of the Key Corporations, the Authorized Officers, the Authorized Agents and the Evergreen Agents be, and they each acting collectively and/or individually hereby are, granted plenary power and authority to undertake such negotiations, execute such documents, forms, filings, contracts and agreements, make such decisions and expenditures, take any other actions which any of them deems necessary or desirable to complete the matters contemplated by the foregoing Preambles and Resolutions, specifically including, without limitation, taking such actions at, and preparing and filing such forms, submissions and documents, as are necessary or appropriate, at OHCA.

## PART 12:
## WAIVER OF NOTICE

WHEREAS, each and every one of the Directors of each of the Key Corporations desire to waive any notice defects or deficiencies which may have arisen from the transmittal of notice for this joint Regular Meeting of the Boards;

NOW, THEREFORE, each such Director hereby resolves as follows:

RESOLVED:  That, each and every Director of each of the Key Corporations hereby waives any objection regarding notice of any matter which is the subject of any of the foregoing Preambles and Resolutions which may have been required in accordance with the Certificate of Incorporation and/or By-Laws of any Key Corporation, regardless of whether such Director may have abstained from participating or failed to participate with respect to any or all of such matters.

The exhibits and addendums are not attached hereto.
If you would like copies, please contact debtor's counsel.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Connecticut

In re   **Johnson Memorial Hospital, Inc.**

Debtor(s)

Case No.

Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Peoples United Bank ATTN:  Pres./Managing Agent 850 Main Street Bridgeport, CT 06604** | **Peoples United Bank ATTN:  Pres./Managing Agent 850 Main Street Bridgeport, CT 06604 jon.gasior@peoples.com** | | | **11,987,500.00** |
| **Saint Francis Hospital ATTN:  Pres./Managing Agent 114 Woodland Street Hartford, CT 06105** | **Saint Francis Hospital ATTN:  Pres./Managing Agent 114 Woodland Street Hartford, CT 06105 dbittner@stfranciscare.org** | | | **2,350,000.00** |
| **Mckesson ATTN:  Pres./Managing Agent Mckesson Technologies, Inc. P.O. Box 98347 Chicago, IL 60693-8347** | **Mckesson ATTN:  Pres./Managing Agent Mckesson Technologies, Inc. Chicago, IL 60693-8347 david.dewing@mckesson.com** | | | **110,504.82** |
| **Cardinal Health ATTN:  Pres./Managing Agent P.O. Box 13862 Newark, NJ 07188-0862** | **Cardinal Health ATTN:  Pres./Managing Agent P.O. Box 13862 Newark, NJ 07188-0862 david.j.donnelly@cardinalhealth.com** | | | **49,839.06** |
| **Fujifilm Medical Systems, Usa, Inc ATTN:  Pres./Managing Agent 419 West Avenue Stamford, CT 06902** | **Fujifilm Medical Systems USA Inc ATTN:  Pres./Managing Agent 419 West Avenue Stamford, CT 06902 jaldier@fujifilm.com** | | | **46,885.00** |
| **Cardinal Health Pharmacy ATTN:  Pres./Managing Agent C/O Bank Of America Lockbox 3763 Collections Center Drive Chicago, IL 60693** | **Cardinal Health Pharmacy ATTN:  Pres./Managing Agent C/O Bank Of America Lockbox Chicago, IL 60693 kristin.jachym@cardinalhealth.com** | | | **44,440.66** |

B4 (Official Form 4) (12/07) - Cont.

In re   **Johnson Memorial Hospital, Inc.**                                   Case No. _____
                                    Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Quest Diagnostics**<br>**ATTN:  Pres./Managing Agent**<br>**2025 Collections Center Drive**<br>**Chicago, IL 60693** | **Quest Diagnostics**<br>**ATTN:  Pres./Managing Agent**<br>**2025 Collections Center Drive**<br>**Chicago, IL 60693**<br>**mjwhite@quest.com** | | | **41,410.30** |
| **Locumtenens**<br>**ATTN:  Pres./Managing Agent**<br>**Po Box 405547**<br>**Atlanta, GA 30384** | **Locumtenens**<br>**ATTN:  Pres./Managing Agent**<br>**Po Box 405547**<br>**Atlanta, GA 30384**<br>**malmeida@locumtenens.com** | | | **38,731.75** |
| **City Oil Company, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**1 Hartford Square**<br>**New Britain, CT 06052** | **City Oil Company, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**1 Hartford Square**<br>**New Britain, CT 06052** | | | **33,813.49** |
| **Trifecta Environmental Assoc. Mgmt.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 1281**<br>**Cromwell, CT 06416** | **Trifecta Environmental Assoc. Mgmt.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 1281**<br>**Cromwell, CT 06416**<br>**m.management@sbcglobal.net** | | | **32,375.80** |
| **Northeast Emergency Medicine Specialists**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 742528**<br>**Dallas, TX 75374** | **Northeast Emergency Medicine Specialists**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 742528**<br>**Dallas, TX 75374**<br>**rachel.olson@intermedix.com** | | | **21,384.00** |
| **Depuy Orthopaedics, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 406663**<br>**Atlanta, GA 30384-6663** | **Depuy Orthopaedics, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 406663**<br>**Atlanta, GA 30384-6663**<br>**jstiles@depysales.com** | | | **19,804.41** |
| **Fff Enterprises, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 840150**<br>**Los Angeles, CA 90084-0150** | **Fff Enterprises, Inc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 840150**<br>**Los Angeles, CA 90084-0150**<br>**fffinfo@fffenterprises.com** | | | **19,207.20** |
| **Connecticut Hospital Assoc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 90**<br>**Wallingford, CT 06492-0090** | **Connecticut Hospital Assoc.**<br>**ATTN:  Pres./Managing Agent**<br>**P.O. Box 90**<br>**Wallingford, CT 06492-0090**<br>**beaudin@chime.org** | | | **18,019.07** |

B4 (Official Form 4) (12/07) - Cont.

In re     **Johnson Memorial Hospital, Inc.**                                        Case No. _____

<div align="center">Debtor(s)</div>

<div align="center">

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

</div>

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Integra Lifesciences Corporation**<br>**ATTN: Pres./Managing Agent**<br>**P.O. Box 404129**<br>**Atlanta, GA 30384-4129** | **Integra Lifesciences Corporation**<br>**ATTN: Pres./Managing Agent**<br>**P.O. Box 404129**<br>**Atlanta, GA 30384-4129**<br>**brendan.marra@integralife.com** | | | 15,355.33 |
| **Mimedx Group, Inc.**<br>**ATTN: Pres./Managing Agent**<br>**1775 West Oak Court Ne**<br>**Marietta, GA 30062** | **Mimedx Group, Inc.**<br>**ATTN: Pres./Managing Agent**<br>**1775 West Oak Court Ne**<br>**Marietta, GA 30062**<br>**gjordan@mimedx.com** | | | 13,684.00 |
| **Admin., Unemployment Compensation**<br>**ATTN: Insolvency Unit**<br>**Connecticut Dept. Of Labor**<br>**P.O. Box 30289**<br>**Hartford, CT 06150-0289** | **Admin., Unemployment Compensation**<br>**ATTN: Insolvency Unit**<br>**Connecticut Dept. Of Labor**<br>**P.O. Box 30289**<br>**Hartford, CT 06150-0289**<br>**dol.webhelp@ct.gov** | | | 12,532.08 |
| **Nightingale Nurses, Llc**<br>**ATTN: Pres./Managing Agent**<br>**Drawer# 1256**<br>**P.O. Box 5935**<br>**Troy, MI 48007-5935** | **Nightingale Nurses, Llc**<br>**ATTN: Pres./Managing Agent**<br>**Drawer# 1256**<br>**Troy, MI 48007-5935**<br>**wj-pierre@nightingalenurses.net** | | | 11,107.25 |
| **Medline Industries, Inc.**<br>**ATTN: Pres./Managing Agent**<br>**Box 382075**<br>**Pittsburgh, PA 15251-8075** | **Medline Industries, Inc.**<br>**ATTN: Pres./Managing Agent**<br>**Box 382075**<br>**Pittsburgh, PA 15251-8075**<br>**btattrie@medline.com** | | | 10,775.96 |
| **Siemens Healthcare Diagnostics**<br>**ATTN: Pres./Managing Agent**<br>**P.O. Box 121102**<br>**Dallas, TX 75312-1102** | **Siemens Healthcare Diagnostics**<br>**ATTN: Pres./Managing Agent**<br>**P.O. Box 121102**<br>**Dallas, TX 75312-1102** | | | 10,283.34 |

<div align="center">

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

</div>

I, the Chairperson of the Board of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **January 14, 2015**                    Signature   **/s/ Patrick Mahon**

**Patrick Mahon**
**Chairperson of the Board**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Connecticut

In re   __Johnson Memorial Hospital, Inc.__                                     Case No. _____
                                          Debtor(s)        Chapter   __11_____

# VERIFICATION OF CREDITOR MATRIX

I, the Chairperson of the Board of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is

true and correct to the best of my knowledge.

Date:   __January 14, 2015_____        __/s/ Patrick Mahon_____
                                            **Patrick Mahon**/**Chairperson of the Board**
                                            Signer/Title

Abc Lockbox
ATTN:  Pres./Managing Agent
P.O. Box 533014
Atlanta, GA 30353-3014


Accelecare Wound Center, Inc.
ATTN:  Pres./Managing Agent
P.O. Box 671242
Dallas, TX 75267-1242


Ace Taxi Service, Inc.
ATTN:  Pres./Managing Agent
P.O. Box 411
Vernon, CT 06066


Action Air Systems, Inc
ATTN:  Pres./Managing Agent
131 Adams Street
Manchester, CT 06042


Admin., Unemployment Compensation
ATTN:  Insolvency Unit
Connecticut Dept. Of Labor
P.O. Box 30289
Hartford, CT 06150-0289


Advanced Medical X-Ray
ATTN:  Pres./Managing Agent
P.O. Box 1139
Somers, CT 06071


Aero-Med, Ltd.
ATTN:  Pres./Managing Agent
P.O. Box 55390
Boston, MA 02205


Aesculap, Inc.
ATTN:  Pres./Managing Agent
Po Box 536404
Pittsburgh, PA 15253-2451


Alcon Laboratories, Inc.
ATTN:  Pres./Managing Agent
Po Box 677775
Dallas, TX 75267-7775

Allied Rehabilitation Centers
ATTN: Pres./Managing Agent
3 Pearson Way
Enfield, CT 06082


American Messaging, Llc
ATTN: Pres./Managing Agent
P.O. Box 5749
Carol Stream, IL 60197-5749


Ameritel Corporation Of South Florida
ATTN: Pres./Managing Agent
P.O. Box 176
Safety Harbor, Fl 34695


Amo Sales And Service, Inc.
ATTN: Pres./Managing Agent
75 Remittance Drive
Suite 1437
Chicago, IL 60675-1437


Applied Medical
ATTN: Pres./Managing Agent
Po Box 3511
Carol Stream, IL 60132


Armstrong Medical Industries, Inc.
ATTN: Pres./Managing Agent
575 Knightsbridge Pkwy.
P.O. Box 700
Lincolnshire, IL 60069-0700


Aspen Surgical Products, Inc.
ATTN: Pres./Managing Agent
3998 Reliable Parkway
Chicago, IL 60686-0039


Automatedpt, Llc
ATTN: Pres./Managing Agent
9202 Markville Drive #5
Dallas, Tx 75243


B Braun Medical, Inc.
ATTN: Pres./Managing Agent
Po Box 536420
Pittsburgh, PA 15253-5906

Baxter Healthcare Corporation
ATTN:  Pres./Managing Agent
P.O. Box 33037
Newark, NJ 07188-0037


Bayer Medical Care Inc.
ATTN:  Pres./Managing Agent
P.O. Box 360172
Pittsburgh, PA 15251-6172


Baystate Reference Laboratories
ATTN:  Pres./Managing Agent
P.O. Box 3353
Boston, MA 02241-3353


Bimbo Foods, Inc.
ATTN:  Pres./Managing Agent
P.O. Box 827810
Philadelphia, PA 19182-7810


Bio-Rad Laboratories, Inc.
ATTN:  Pres./Managing Agent
Clinical Diagnostics Division
P.O. Box 849740
Los Angeles, CA 90084-9740


Biomet, Inc.
ATTN:  Pres./Managing Agent
75 Remittance Drive
Suite 3283
Chicago, IL 60675-3283


Blake Equipment Company
ATTN:  Pres./Managing Agent
Department 1340
P.O. Box 4110
Woburn, MA 01888-4110


Bluetarp Financial, Inc.
ATTN:  Pres./Managing Agent
P.O. Box 105525
Atlanta, GA 30348-5525


Boston Scientific Corporation
ATTN:  Pres./Managing Agent
P.O. Box 8500-6205
Philadelphia, PA 19178-6205

C. R. Bard, Inc.
ATTN: Pres./Managing Agent
P.O. Box 75767
Charlotte, NC 28275


C.R. Bard, Inc.
ATTN: Pres./Managing Agent
P.O. Box 75767
Charlotte, NC 28275


Cardinal Health
ATTN: Pres./Managing Agent
P.O. Box 13862
Newark, NJ 07188-0862


Cardinal Health Nuclear
ATTN: Pres./Managing Agent
P.O. Box 905488
Charlotte, NC 28290-5488


Cardinal Health Pharmacy
ATTN: Pres./Managing Agent
C/O Bank Of America Lockbox
3763 Collections Center Drive
Chicago, IL 60693


Care Fusion 211
ATTN: Pres./Managing Agent
88253 Expedite Way
Chicago, IL 60695-0001


Carefusion Solutions/Cardinal Alaris
ATTN: Pres./Managing Agent
3698 Collection Center Drive
Chicago, IL 60693


Chimenet, Inc
ATTN: Pres./Managing Agent
P.O. Box 90
Wallingford, CT 06492-0090


City Oil Company, Inc.
ATTN: Pres./Managing Agent
1 Hartford Square
New Britain, CT 06052

Clia Laboratory Program
ATTN: Pres./Managing Agent
P.O. Box 530882
Atlanta, GA 30353-0882


Clinical Eeg/Ep Services
ATTN: Pres./Managing Agent
P.O. Box 176
Vernon, CT 06066


Colorid, Llc
ATTN: Pres./Managing Agent
20480 Chartwell Center Drive
Suite F
Cornelius, NC 28031


Comtech21
ATTN: Pres./Managing Agent
P.O. Box 981062
Boston, MA 02298-1062


Connecticut Community Providers
ATTN: Pres./Managing Agent
35 Cold Spring Road
Bldg. 500, Suite 522
Rocky Hill, CT 06067-3165


Connecticut Hospital Assoc.
ATTN: Pres./Managing Agent
P.O. Box 90
Wallingford, CT 06492-0090


Connecticut Light & Power
ATTN: Pres./Managing Agent
P.O. Box 650032
Dallas, TX 75265-0032


Constantinos Constantinou, M.D.
ATTN: Pres./Managing Agent
94 Union Street
Suite 2
Vernon, CT 06066


Corflex, Inc.
ATTN: Pres./Managing Agent
669 East Industrial Park Drive
Manchester, NH 03109

Corporate Telecom Solutions
ATTN: Pres./Managing Agent
P.O. Box 855
Spring House, PA 19477


Country Glass
ATTN: Pres./Managing Agent
174 Shaker Rd
East Longmeadow, MA 01028


Cox Communications
ATTN: Pres./Managing Agent
Attn: Collections
9Jp Murphy Highway
West Warwick, RI 02893


Ct Multispecialty Group
ATTN: Pres./Managing Agent
P.O. Box 587
Rocky Hill, CT 06067-0587


Custom Printing & Copy, Inc.
ATTN: Pres./Managing Agent
1330 Main Street
East Hartford, CT 06108-2251


D/B/A Millenium Water
ATTN: Pres./Managing Agent
P.O. Box 303
Thompson, CT 06277


Depuy Orthopaedics, Inc.
ATTN: Pres./Managing Agent
P.O. Box 406663
Atlanta, GA 30384-6663


Diakin Applied Americas, Inc.
ATTN: Pres./Managing Agent
24827 Network Place
Chicago, IL 60673


Draeger Medical, Inc.
ATTN: Pres./Managing Agent
P.O. Box 347482
Pittsburgh, PA 15251-4482

Ebp Supply Solutions
ATTN: Pres./Managing Agent
P.O. Box 460
Hartford, CT 06141-0460


Edwards Lifesciences, Inc.
ATTN: Pres./Managing Agent
23146 Network Place
Chicago, IL 60673-1231


Elmcrest Inc.
ATTN: Pres./Managing Agent
105 Somersville Road
East Longmeadow, Ma 01028


Emc Corporation
ATTN: Pres./Managing Agent
4246 Collections Center Drive
Chicago, IL 60693


Encompas Unlimited, Inc.
ATTN: Pres./Managing Agent
P.O. Box 516
Tallevast, FL 34270


Envision Marketing Group Ma, Llc
ATTN: Pres./Managing Agent
280 N. Main Street
Suite 1
East Longmeadow, MA 01028


F.W. Webb
ATTN: Pres./Managing Agent
160 Middlesex Turnpike
Bedford, MA 01730


Falvey Linen Supply
ATTN: Pres./Managing Agent
88 Tolland Street
East Hartford, CT 06108


Favorite Healthcare Staffing, Inc.
ATTN: Pres./Managing Agent
P.O. Box 803356
Kansas City, MO 64180-3356

Federal Express
ATTN: Pres./Managing Agent
P.O. Box 371461
Pittsburgh, PA 15250-7461


Fff Enterprises, Inc.
ATTN: Pres./Managing Agent
P.O. Box 840150
Los Angeles, CA 90084-0150


Fidelity Security Life Insurance/Eyemed
ATTN: Pres./Managing Agent
Fsl/Eyemed Premiums
P.O. Box 632530
Cincinnati, OH 45263-2530


Filter Sales & Service, Inc.
ATTN: Pres./Managing Agent
15 Adams St
Burlington, MA 01803


Fisher Healthcare
ATTN: Pres./Managing Agent
P.O. Box 3648
Boston, MA 02241-3648


Frontier
ATTN: Pres./Managing Agent
P.O. Box 20550
Rochester, NY 14602-0550


Fujifilm Medical Systems, Usa, Inc
ATTN: Pres./Managing Agent
419 West Avenue
Stamford, CT 06902


Furness Bros., Inc.
ATTN: Pres./Managing Agent
P.O. Box 34
61 Buckley Highway
Stafford Springs, CT 06076


Fuss & O'Neill Enviroscience, Llc
ATTN: Pres./Managing Agent
146 Hartford Road
Manchester, CT 06040

Gdf Suez Energy Resources
ATTN: Pres./Managing Agent
P.O. Box 9001025
Louisville, KY 40290-1025


Global Crossing Conferencing
ATTN: Pres./Managing Agent
P.O. Box 790407
St Louis, MO 63179-0407


Grainger
ATTN: Pres./Managing Agent
Dept. 859761074
Palatine, IL 60038-0001


Greene Facility Services, Llc
ATTN: Pres./Managing Agent
185 Adams Street
Manchester, Ct 06042


Guida'S Milk & Ice Cream
ATTN: Pres./Managing Agent
P.O. Box 2900
New Britain, CT 06050-2900


Hazardville Water Company
ATTN: Pres./Managing Agent
281 Hazard Ave
Enfield, CT 06082


Health Care Logistics, Inc.
ATTN: Pres./Managing Agent
Po Box 400
Circleville, OH 43113-0400


Healthcare Financial Group Llc
ATTN: Pres./Managing Agent
199 Water Street, 31St Floor
New York, NY 10038


Henry Schein, Inc.
ATTN: Pres./Managing Agent
Box 371952
Pittsburgh, PA 15250-7952

High Grade Gas Service, Inc.
ATTN: Pres./Managing Agent
19 Middle River Dr
Stafford Sprgs, CT 06076


Hillyard/Rovic, Inc.
ATTN: Pres./Managing Agent
P.O. Box 872470
Kansas City, MO 64187-2470


Hobart Service, Llc
ATTN: Pres./Managing Agent
P.O. Box 2517
Carol Stream, IL 60132-2517


Hologic, Inc.
ATTN: Pres./Managing Agent
24506 Network Place
Chicago, IL 60673-1245


Hospira Worldwide, Inc.
ATTN: Pres./Managing Agent
75 Remittance Drive
Suite 6136
Chicago, IL 60675-6136


Hpc Foodservice
ATTN: Pres./Managing Agent
Dept # 385
Po Box 150473
Hartford, CT 06115-0473


Immucor, Inc.
ATTN: Pres./Managing Agent
P.O. Box 102118
Atlanta, GA 30368-2118


Innovative Medical Products, Inc.
ATTN: Pres./Managing Agent
87 Spring Lane
P.O. Box 8028
Plainville, CT 06062


Integra Lifesciences Corporation
ATTN: Pres./Managing Agent
P.O. Box 404129
Atlanta, GA 30384-4129

Internal Revenue Service
Insolvency Unit
135 High Street
Hartford, CT 06103


J.A. Sexauer, Inc.
ATTN: Pres./Managing Agent
P.O. Box 404284
Atlanta, GA 30384-4284


Jcb Laboratories, Llc
ATTN: Pres./Managing Agent
7335 W 33Rd Street N
Wichita, KS 67205


Journal Inquirer
ATTN: Pres./Managing Agent
306 Progress Drive
P.O. Box 510
Manchester, CT 06045-0510


Labor Law Center, Inc.
ATTN: Pres./Managing Agent
12534 Valley View Street
Suite 134
Garden Grove, CA 92845-2006


Lantheus Medical Imaging, Inc.
ATTN: Pres./Managing Agent
P.O. Box 101236
Atlanta, GA 30382


Lemire, Lisa
201 Chestnut Hill Rd
Stafford Sprgs, Ct 06076


Leonard'S Auto Parts
ATTN: Pres./Managing Agent
186 W. Stafford Road
Stafford Springs, CT 06076


Libro'S Produce
ATTN: Pres./Managing Agent
101 Reserve Road
Room 6
Hartford, CT 06114

Locumtenens
ATTN: Pres./Managing Agent
Po Box 405547
Atlanta, GA 30384


Lorraine Greenfield
15 King Edward Road
West Hartford, CT 06117


Maquet Medical Systems Usa
ATTN: Pres./Managing Agent
3615 Solutions Center
Chicago, IL 60677-3006


Mass Medical Storage Llc
ATTN: Pres./Managing Agent
7848 Barton Street
Shawnee Mission, KS 66214


Mckesson
ATTN: Pres./Managing Agent
Mckesson Technologies, Inc.
P.O. Box 98347
Chicago, IL 60693-8347


Med-Caire, Inc.
ATTN: Pres./Managing Agent
P.O. Box 267
Vernon, CT 06066-0267


Medical Reimbursement Specialist
ATTN: Pres./Managing Agent
P.O. Box 486
Bristol, NH 03222


Medline Industries, Inc.
ATTN: Pres./Managing Agent
Box 382075
Pittsburgh, PA 15251-8075


Medtronic Usa, Inc.
ATTN: Pres./Managing Agent
4642 Collection Center Drive
Chicago, IL 60693-0046

Microaire
ATTN: Pres./Managing Agent
Lock Box 96565
Chicago, IL 60693


Microtek Medical, Inc.
ATTN: Pres./Managing Agent
File 4033P
P.O. Box 911633
Dallas, TX 75391-1633


Mimedx Group, Inc.
ATTN: Pres./Managing Agent
1775 West Oak Court Ne
Marietta, GA 30062


More Direct, Inc.
ATTN: Pres./Managing Agent
Po Box 536464
Pittsburgh, PA 15253-5906


New England Coffee
ATTN: Pres./Managing Agent
100 Charles St
Malden, MA 02148


New England Medical Specialties
ATTN: Pres./Managing Agent
P.O. Box 329
354 Old Whitfield Street
Guilford, CT 06437


Nextremity Solutions, Inc.
ATTN: Pres./Managing Agent
Po Box 1216
Warsaw, IN 46581-1216


Nightingale Nurses, Llc
ATTN: Pres./Managing Agent
Drawer# 1256
P.O. Box 5935
Troy, MI 48007-5935


North Central News
ATTN: Pres./Managing Agent
P.O. Box 427
Somers, CT 06071

Northeast Emergency Medicine Specialists
ATTN: Pres./Managing Agent
P.O. Box 742528
Dallas, TX 75374


Northeast Regional Radiation Oncology
ATTN: Pres./Managing Agent
100 Haynes Street
Manchester, CT 06040


Olympus America Inc.
ATTN: Pres./Managing Agent
Box 200194
Pittsburgh, PA 15251-0194


Otis Elevator Company
ATTN: Pres./Managing Agent
P.O. Box 13716
Newark, NJ 07188-0716


Owens & Minor
ATTN: Pres./Managing Agent
P.O. Box 414887
Boston, MA 02241-4810


P2P Dba Medpartners Him
ATTN: Pres./Managing Agent
P.O. Box 4729
Winter Park, FL 32792-4729


Palomares, Maria L.
201 Chestnut Hill Road
Stafford Springs, CT 06076


Parker Medical Associates. Llc
ATTN: Pres./Managing Agent
2401-C Distribution Street
Charlotte, NC 28203


Parts Source, Llc
ATTN: Pres./Managing Agent
P.O. Box 645186
Cincinnati, OH 45264-5186

Payphone, Llc
ATTN: Pres./Managing Agent
P.O. Box 113836
N. Providence, RI 02911


Pci Medical, Inc.
ATTN: Pres./Managing Agent
12 Bridge Street
P.O. Box 188
Deep River, CT 06417


Pelion Surgical
ATTN: Pres./Managing Agent
116 Vivion Drive
Aiken, SC 29803


Peoples United Bank
ATTN: Pres./Managing Agent
850 Main Street
Bridgeport, CT 06604


Pharmedium Services, Llc
ATTN: Pres./Managing Agent
39797 Treasury Center
Chicago, IL 60694-3900


Physio-Control, Inc
ATTN: Pres./Managing Agent
11811 Willows Road Ne
Redmond, WA 98052


Plantations Inc.
ATTN: Pres./Managing Agent
102 Old Poquonock Road
Bloomfield, CT 06002


Platinumcode
ATTN: Pres./Managing Agent
8095 215Th Street West
Lakeville, MN 55044


Poland Spring
ATTN: Pres./Managing Agent
P.O. Box 856192
Louisville, KY 40285-6192

Post Mortem Services, Llc
ATTN: Pres./Managing Agent
P.O. Box 807
Farmington, CT 06034


Precision Dynamics Corporation
ATTN: Pres./Managing Agent
Po Box 71549
Chicago, IL 60694-1995


Press Ganey Associates, Inc.
ATTN: Pres./Managing Agent
Box 88335
Milwaukee, WI 53288-0335


Quest Diagnostics
ATTN: Pres./Managing Agent
2025 Collections Center Drive
Chicago, IL 60693


Reminder Publications
ATTN: Pres./Managing Agent
280 North Main Street
East Longmeadow, MA 01028


Resmed Corporation
ATTN: Pres./Managing Agent
P.O. Box 534593
Atlanta, GA 30353-4593


Respironics, Inc.
ATTN: Pres./Managing Agent
P.O. Box 405740
Atlanta, GA 30384-5740


Rittenhouse Book Distributors, Inc.
ATTN: Pres./Managing Agent
511 Feheley Drive
King Of Prussia, PA 19406-6655


Rj Mase, Llc
ATTN: Pres./Managing Agent
P.O. Box 2032
Norwalk, CT 06852-2032

Robert Half Technology
ATTN: Pres./Managing Agent
12400 Collections Center Drive
Chicago, IL 60693


Rogo Distributors
ATTN: Pres./Managing Agent
65 Roberts Street
East Hartford, CT 06108


Saint Francis Hospital
ATTN: Pres./Managing Agent
114 Woodland Street
Hartford, CT 06105


Scb Garden Works
ATTN: Pres./Managing Agent
72 Bilton Road
Somers, Ct 06071


Sharon Uhlman, State Marshal
ATTN: Pres./Managing Agent
23 Hillcrest Drive
Stafford Springs, CT 06076


Shaughnessy, Aimee
ATTN: Pres./Managing Agent
C/O Pccc
Stafford Springs, Ct 06076


Siemens Healthcare Diagnostics
ATTN: Pres./Managing Agent
P.O. Box 121102
Dallas, TX 75312-1102


Siemens Medical Solutions, Usa Inc.
ATTN: Pres./Managing Agent
Po Box 120001
Dept. 0733
Dallas, TX 75312-0733


Simplexgrinnell
ATTN: Pres./Managing Agent
Dept. Ch 10320
Palatine, IL 60050-0320

Smith & Nephew Endoscopy
ATTN: Pres./Managing Agent
P.O. Box 60333
Charlotte, NC 28260-0333


Smiths Medical Asd, Inc.
ATTN: Pres./Managing Agent
P.O. Box 7247-7784
Philadelphia, PA 19170-7784


Somers Sanitation Service, Inc.
ATTN: Pres./Managing Agent
P.O. Box 728
East Windsor, CT 06088


Spok, Inc.
ATTN: Pres./Managing Agent
P.O. Box 660324
Dallas, TX 75266-0324


Standard Register
ATTN: Pres./Managing Agent
P.O. Box 91047
Chicago, IL 60693


State Of Connecticut
ATTN: Insolvency Unit
Bureau Of Boilers
1111 Country Club Road
Middletown, CT 06457-2389


Stryker Foot & Ankle
ATTN: Pres./Managing Agent
Terika Harrison-Customer Service
6060 Poplar Avenue, Ste. 360
Memphis, TN 38119


Surgical Direct, Inc.
ATTN: Pres./Managing Agent
909 S. Woodland Blvd
Deland, Fl 32720


Synthes
ATTN: Pres./Managing Agent
P.O. Box 8538-662
Philadelphia, PA 19171-0662

Tax Collector
Town of Stafford Springs
1 Main St.
Stafford Springs, CT 06076


Taylor Freezer Of Ct, Inc.
ATTN: Pres./Managing Agent
166 Universal Drive
North Haven, Ct 64733


Technical Gas Products, Inc.
ATTN: Pres./Managing Agent
66 Leonardo Drive
North Haven, CT 06473


The Aero All-Gas Co.
ATTN: Pres./Managing Agent
3150 Main Street
Hartford, CT 06120-9914


The Roi Companies
ATTN: Pres./Managing Agent
1920 Greenspring Drive
Suite 200
Timonium, MD 21093


The Water Planet Company
ATTN: Pres./Managing Agent
111 Huntington Street
New London, CT 06320


Trane
ATTN: Pres./Managing Agent
P.O. Box 406469
Atlanta, GA 30384-6469


Tri-Anim Health Services, Inc.
ATTN: Pres./Managing Agent
25197 Network Place
Chicago, IL 60673-1251


Trifecta Environmental Assoc. Mgmt.
ATTN: Pres./Managing Agent
P.O. Box 1281
Cromwell, CT 06416

Triose, Inc
ATTN: Pres./Managing Agent
2001 State Hill Road
Suite 205
Wyomissing, PA 19610


U.S. Foodservice, Inc.
ATTN: Pres./Managing Agent
P.O. Box 642554
Pittsburgh, PA 15264-2554


Unifirst Corporation
ATTN: Pres./Managing Agent
295 Parker Street
Indian Orchard, MA 01151


Ups
ATTN: Pres./Managing Agent
P.O. Box 7247-0244
Philadelphia, PA 19170-0001


Usa Hauling & Recycling, Inc.
ATTN: Pres./Managing Agent
P.O. Box 808
East Windsor, CT 06088


Vasseur Landscaping
ATTN: Pres./Managing Agent
156 Broad Brook Road
Enfield, CT 06082


Verizon Wireless
ATTN: Pres./Managing Agent
P.O. Box 15062
Albany, NY 12212-5062


Vital Signs, Inc.
ATTN: Pres./Managing Agent
P.O. Box 402431
Atlanta, GA 30384-2431


W.B. Mason
ATTN: Pres./Managing Agent
P.O. Box 981101
Boston, MA 02298-1101

Wesco Commercial Cleaning, Llc
ATTN:  Pres./Managing Agent
42 West Shore Drive
Enfield, CT 06082


Western Mass Door & Hardware Co., Inc
ATTN:  Pres./Managing Agent
190 Moody Street
Ludlow, MA 01056


Yankee Gas
ATTN:  Pres./Managing Agent
Po Box 650034
Dallas, TX 75265-0034